CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 03 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 5:07-CR-000035 |
| v. ) | **MEMORANDUM OPINION** |
| COREY LAYNE REDD, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

The defendant, Corey Layne Redd, is charged with possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(iii). Redd has moved to suppress evidence seized pursuant to a search warrant executed at his residence in Waynesboro, Virginia. Redd contends that the affidavit supporting the search warrant failed to establish probable cause and that the search is not saved by the good faith exception to the exclusionary rule.[1] The court held a hearing on the motion to suppress and noted that it would deny Redd's motion. This opinion memorializes the court's finding that the search warrant's affidavit established probable cause and, alternatively, that the search is subject to the good faith exception to the exclusionary rule.

## I.

On March 10, 2007, a state magistrate approved a search warrant for Redd's residence supported by the affidavit of Special Agent Joseph Fleming of the Virginia State Police. That affidavit provides in pertinent part:

> Within the last 72 hours a confidential and reliable informant hereafter referred to

---

[1] Redd also initially raised a Miranda violation contending that the seized evidence was the result of a confession made without proper warnings. However, this contention was withdrawn at the hearing and is, therefore, not considered here.

as Informant A, has personal knowledge of an individual purchasing Crack Cocaine from Corey Layne Redd within the residence described in Section 2 of this affidavit [220 Fontaine Ave, Waynesboro, VA 22,980]. Informant A observed the individual enter the residence... and shortly exit the residence and was shown a quantity of Crack Cocaine this individual just purchased from within the residence. A source of information hereafter referred to as SOI provided Sergeant Darold Crawford of the RUSH Drug Task Force information in regards to... Redd on 9/12/06. The SOI was arrested by Sergeant Crawford for possession with the intent to distribute crack cocaine. The SOI was found to be in possession of 41 grams of crack cocaine that the SOI states came from... Redd. The SOI described the residence of... Redd and its location. The SOI stated to Sergeant Crawford he was purchasing 62 grams of crack cocaine a week from June of 2006 to his arrest on or about September of 2006.

....

Informant A of this affidavit is an admitted past cocaine user and is familiar with the odor, texture, appearance, packaging, and effects of cocaine. Informant A has made statements against [his] penal interest. Informant A has made numerous controlled purchases of narcotics controlled by this affiant and other members of the Virginia State Police.

## II.

Redd asserts the affidavit in support of the search warrant fails to establish probable cause. The court disagrees.

Probable cause is "a fluid concept – turning on the assessment of probabilities in particular factual contexts," Illinois v. Gates, 462 US 213, 232 (1983), and exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 US 690, 696 (1996). The reviewing court should grant the magistrate's finding great deference and should only disturb it upon a finding, based on the totality of circumstances, that there was not a "fair probability" that officers would find contraband in the place to be searched. United States v. Clyburn, 24 F.3d 613, 616-617 (4th Cir. 1994) (quoting Illinois v. Gates, 462 US 213, 233

2

(1983)). With those precepts in mind, the court concludes that the affidavit established probable cause. The issuing magistrate could have fairly concluded that the two informants corroborated each other, that Redd had been a drug dealer for a considerable period of time, that the unwitting informant had very recently purchased cocaine from Redd at Redd's residence, and that there was a fair probability that contraband and evidence would be found at that residence. Accordingly, the court denies Redd's motion to suppress.

**III.**

Although the court finds that the affidavit established probable cause, even if the affidavit were insufficient, the court finds that the good faith exception would apply. In United States v. Leon, the Supreme Court held that when law enforcement officers act in a good faith belief that a warrant is valid, their search will not be unconstitutional. 468 U.S. 897, 908 (1984). This good faith exception does not apply where a judge or magistrate was misled by false information in an affidavit, where an affidavit was so lacking in indicia of probable cause as to render official belief in its existence unreasonable, or where the warrant is facially deficient, failing to particularize the place to be searched or things to be seized. 468 U.S. at 923. However, none of those circumstances are here.

The court finds that in this case the officers executing the warrant acted in good faith and that the warrant does not fall into any category where the good faith exception would not apply. The veracity of the underlying affidavit is unchallenged. The affidavit contains indicia of probable cause including documentation of a recent crack purchase at the Redd residence. The warrant particularizes the place to be searched – Redd's residence – and a list of items that might potentially be seized. Therefore, the good faith exception would apply in this case even if the

3

affidavit supporting the search warrant were insufficient.

**IV**.

For the reasons stated herein, the court denies Redd's motion to suppress.

**Enter:** October 3, 2007.

_____

UNITED STATES DISTRICT JUDGE

4
